IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

FARROLL SCOTT,
Inmate No. 547863,
    Plaintiff,

vs.                                                    Case No.: 5:17cv64/MCR/EMT

MICHAEL C. BOSTIC and
S.M. BELL,
    Defendants.
_____/

## **REPORT AND RECOMMENDATION**

    This cause is before the court on Plaintiff's civil rights complaint filed under 42 U.S.C. § 1983 (ECF No. 1). Plaintiff was granted leave to proceed in forma pauperis (ECF No. 4).

    Because Plaintiff is proceeding in forma pauperis, the court may dismiss this case if satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The language in this subsection "tracks the language of Federal Rule of Civil Procedure 12(b)(6)," and thus dismissals for failure to state a claim are governed by the same standard as Rule 12(b)(6). Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997). The allegations of the complaint are taken as true and are construed in the light most favorable to

Plaintiff. Davis v. Monroe County Bd. of Educ., 120 F.3d 1390, 1393 (11th Cir. 1997). To survive § 1915(e)(2)(B)(ii), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (quotation and citation omitted). A claim is plausible on its face where "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citation omitted). Plausibility means "more than a sheer possibility that a defendant has acted unlawfully." Id. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. (quotation and citation omitted). Finally, in civil rights cases, more than "mere conclusory notice pleading" is required, and a complaint is subject to dismissal "as insufficient where the allegations it contains are vague and conclusory." Gonzalez v. Reno, 325 F.3d 1228, 1235 (11th Cir. 2003) (quotation and citation omitted). Upon review of the complaint, the court concludes that facts set forth by Plaintiff fail to state a claim for relief that is plausible on its face. Dismissal of this action is therefore warranted.

An inmate at the Northwest Florida Reception Center during the times relevant to the complaint, Plaintiff alleges, without explanation, that he was unfairly disciplined for lewd or lascivious exhibition while in the prison bathroom in view of a female corrections officer. Plaintiff claims that the disciplinary team's findings were not impartial. Plaintiff received 50 days of disciplinary confinement as a result of the charge. As relief, Plaintiff seeks expungement of the charge and monetary damages to compensate for the time spent in disciplinary confinement.

Plaintiff's claim that a false or unfair disciplinary report was levied against him is subject to dismissal. The filing of false disciplinary charges against an inmate does not alone amount to a constitutional violation. Rodgers v. Singletary, 142 F. 3d 1252 (11th Cir. 1998); Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989); Freeman v. Rideout, 808 F.2d 949, 951–53 (2d Cir. 1986). In Wolff v. McDonnell, 418 U.S. 539, 94 S. Ct. 2963, 41 L. Ed. 2d 935 (1974), the Supreme Court set forth the minimum constitutional due process requirements for which should be accorded prisoners in disciplinary proceedings: (1) advance written notice of the claimed violation; (2) a written statement of the fact finders as to the evidence relied upon and the reasons for the disciplinary action taken; and (3) an opportunity to call witnesses and present documentary evidence in defense, when to do so would not be unduly hazardous to

institutional safety or correctional goals. 418 U.S. at 563–66. The Court also indicated a reluctance to review the judgments of prison administrators and acknowledged that prison disciplinary proceedings do not require the "full panoply of rights" due a defendant in a criminal proceeding. *Id.* at 556. Consequently, there is no constitutional right of cross-examination and confrontation of witnesses in a prison disciplinary hearing. *Id.* at 567–68; Young v. Jones, 37 F.3d 1457, 1460 (11th Cir. 1994). An inmate's right to attend a prison disciplinary hearing is also one of the essential due process protections afforded by the Fourteenth Amendment and recognized in Wolff. *See* Battle v. Barton, 970 F.2d 799, 782 (11th Cir. 1992). However, "[p]rison administrators should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." Bell v. Wolfish, 441 U.S. 520, 547, 99 S. Ct. 1861, 1878, 60 L. Ed. 2d 447 (1979).

Plaintiff's allegations do not even suggest that the proceeding lacked due process; he simply appears to take issue with its ultimate findings. Therefore, Plaintiff's due process claim against Defendants is unavailing.

Moreover, due process protections do not attach to all disciplinary proceedings. In cases where a disciplinary decision does not result in the loss of gain time, and the

only penalty is temporary placement in disciplinary confinement, due process protections do not attach.  *See* Sandin v. Conner, 515 U.S. 472, 485, 115 S. Ct. 2293, 2301, 132 L. Ed. 2d 418 (1995).  This is so because "discipline in segregated confinement did not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest."  *Id.*, 515 U.S. at 485–86; *see also* Rodgers v. Singletary, 142 F.3d 1252, 1253 (11th Cir. 1998) (placement in administrative confinement for two months did not constitute deprivation of constitutionally protected liberty interest as defined in Sandin).  Consequently, Plaintiff cannot allege a liberty interest significant enough to invoke the due process protections that he would otherwise claim.  Because Plaintiff cannot allege the deprivation of a constitutional right, his Section 1983 claim must fail.

Accordingly, it respectfully **RECOMMENDED**:

1. That the complaint be **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

2. That this dismissal should be deemed a "strike" for purposes of 28 U.S.C. § 1915(g).

3. That any pending motion be denied as moot.

At Pensacola, Florida, this 7th day of May 2018.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**